E-FILED
Wednesday, 30 March, 2022 04:19:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ZACCHEUS HAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-4021-MMM |
| THE COUNTY JAIL OF ROCK ISLAND, *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, asserts an action under 42 U.S.C. § 1983 arising from an attack by a fellow inmate while he was detained at the Rock Island County Jail. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## FACTS

On March 25, 2021, Correctional Officer Ruark was escorting Plaintiff back to cell block "N" from the medical unit at the Rock Island County Jail. When they arrived at the door to the dayroom, they saw Brandon Motton, an inmate in protective custody, talking on the phone. Ruark called the control panel to open the door to the dayroom so Plaintiff could go to his cell. When

Plaintiff entered the dayroom, Motton attacked him and caused bodily harm. Plaintiff does not elaborate about the extent of his injuries, and there is no incident report related to the attack. Plaintiff was charged with aggravated battery on November 29, 2021.

Plaintiff states that the general population and inmates in protective custody are always kept separate. Plaintiff claims Ruark was negligent and failed to protect him because Ruark should have called the control panel and asked for Motton to be secured before allowing Plaintiff to enter the dayroom.

## ANALYSIS

Plaintiff appears to be seeking to hold Defendants liable for Motton's attack. As a pretrial detainee, Plaintiff's claim arises under the Due Process Clause of the Fourteenth Amendment, which is governed by an objective standard. *Kemp v. Fulton County*, 27 F.4th 491, 495 (7th Cir. 2022) (citing *Hardeman v. Curran*, 933 F.3d 816 (7th Cir. 2019)). Defendants could be liable if they "acted purposefully, knowingly, or perhaps even recklessly." *Kemp*, 27 F.4th at 495 (citing *Miranda v. County of Lake*, 900 F.3d 335, 353 (7th Cir. 2018)). Here, Plaintiff alleges that he was attacked after Ruark allowed him to enter the dayroom while Motton, a dangerous inmate in protective custody, was present and unsecured. There is no incident report related to the attack, and Plaintiff was charged with aggravated battery on November 29, 2021; however, based on the allegations in his Complaint, the Court finds that he has stated a colorable failure to protect claim against Defendant Ruark.

Plaintiff names Captain Lape and Sheriff Bustos as Defendants, but he does not plead any facts in support of his claim against them in the body of his Complaint. It is well-recognized that § 1983 liability is predicated on fault, so to be liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir.

2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). Section 1983 does not allow actions against individuals just for their supervisory role of others. Individual liability under § 1983 can only be based upon a finding that the defendant caused the deprivation alleged. *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003) (internal quotations and citations omitted). Plaintiff has failed to state a claim against Lape and Bustos. They are DISMISSED, without prejudice.

Plaintiff also names the Rock Island County Jail, which is not a "person" amenable to suit under § 1983. *Dye v. Wargo,* 253 F.3d 296, 299 (7th Cir.2001); *see also Nava v. Sangamon Cnty. Jail*, No. 14-3090, 2014 WL 1320259, at *2 (C.D. Ill. Apr. 2, 2014) ("The 'Sangamon County Jail' is not a 'person' that may be sued under § 1983."); *Wright v. Porter County*, No. 12-493, 2013 WL 1176199, at *2 (N.D. Ind. Mar. 19, 2013) (" the jail… is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations.) The Rock Island County Jail is DISMISSED, with prejudice.

    **IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a failure to protect claim against Defendant Ruark. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) Defendants Bustos, Lape, and the Rock Island County Jail are DISMISSED.

3) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an

3

appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

4) The Court will attempt service on Defendant by mailing a waiver of service. Defendant has 60 days from service to file an Answer. If Defendant has not filed an Answer or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If Defendant no longer works at the address Plaintiff provided, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address, or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6) Defendant shall file an Answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an Answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendant's position. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and

responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) Counsel for Defendant is hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendant shall arrange the time for the deposition.

9) Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10) If Defendant fails to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendant and will require Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11) The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED: 3/30/2022

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Judge